UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEVON J. HYPES, <br><br> Plaintiff, <br><br> v. <br><br> TAYLOR RENTAL, <br><br> Defendant. | CAUSE NO. 1:25-CV-31 DRL-SJF |

OPINION AND ORDER

Devon J. Hypes, a prisoner without a lawyer, filed an amended complaint alleging he was fired from Taylor Rental after reporting sexual harassment and domestic violence. ECF 4. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Hypes alleges he was terminated on September 22, 2024. ECF 1 at 3. Under 42 U.S.C. § 2000e-5(e)(1), he was required to file a charge of employment discrimination with the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission within 180 days of that date. In his amended complaint, Mr. Hypes indicates

he had not filed such a charge before he brought this lawsuit and that he does not have a right to sue letter.

"Before bringing a Title VII claim, a plaintiff must first exhaust his administrative remedies by filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019). "After doing so, a plaintiff filing suit in federal court may bring only those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Id.* "This requirement has two purposes: first, it allows the EEOC and the employer an opportunity to settle the matter, and second, it ensures that the employer has adequate notice of the conduct the employee is challenging." *Id.*

It appears this complaint should be dismissed because Mr. Hypes does not have a right to sue letter. Filing suit before exhausting was legally frivolous. Before dismissing this case, Mr. Hypes will be given an opportunity to respond.

For these reasons, the court:

(1) GRANTS Devon J. Hypes until **June 3, 2025**, to SHOW CAUSE why this case should not be dismissed; and

(2) CAUTIONS Devon J. Hypes if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED.

May 2, 2025                                             *s/ Damon R. Leichty*
                                                         Judge, United States District Court