UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEVON J. HYPES, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-31 DRL-SJF |
| TAYLOR RENTAL, | |
| Defendant. | |

OPINION AND ORDER

Devon J. Hypes, a prisoner without a lawyer, filed an amended complaint alleging he was fired from Taylor Rental after reporting sexual harassment and domestic violence. ECF 4. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Hypes alleges he was terminated on September 22, 2024. ECF 1 at 3. Under 42 U.S.C. § 2000e-5(e)(1), he was required to file a charge of employment discrimination with the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission within 180 days of that date. In his amended complaint, Mr. Hypes indicates

he does not have a right to sue letter because he did not file charges with one of those agencies.

"Before bringing a Title VII claim, a plaintiff must first exhaust his administrative remedies by filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019). "After doing so, a plaintiff filing suit in federal court may bring only those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Id.* "This requirement has two purposes: first, it allows the EEOC and the employer an opportunity to settle the matter, and second, it ensures that the employer has adequate notice of the conduct the employee is challenging." *Id.*

It appearing the amended complaint should be dismissed because Mr. Hypes did not have a right to sue letter, he was ordered to show cause. ECF 12. He explains, "The EEOC stated I wouldn't be able to file a complaint and charges because I was in jail and they (EEOC) wouldn't be able to have an interview with me." ECF 13 at 1. Given the assertion that he was prevented from exhausting, there is a factual question about whether he was prevented from exhausting his administrative remedies and a legal question about how that impacts his ability to pursue this lawsuit. Those are not questions to be resolved at screening.

For these reasons, the court:

(1) GRANTS Devon J. Hypes leave to proceed against Taylor Rental on an employment discrimination claim for firing him after he reported sexual harassment and domestic violence;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Taylor Rental at 102 Peckhart Ct., Auburn, IN 46706, with a copy of this order and the amended complaint (ECF 4); and

(4) ORDERS, under 42 U.S.C. § 1997e(g)(2), Taylor Rental to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

July 25, 2025                                           *s/ Damon R. Leichty*
                                                        Judge, United States District Court